OPINION
{¶ 1} Defendant-appellant, Billy Hobson, appeals a decision of the Butler County Court of Common Pleas sentencing him to the maximum sentence after his conviction for felonious assault. We affirm the decision of the trial court.
 {¶ 2} Appellant was indicted on February 28, 2002 on one count of attempted murder. The charges were the result of appellant attacking his wife with a knife, causing cuts to her face, hands and arms. On April 18, 2002, as part of a plea agreement, appellant pled guilty to an amended charge of felonious assault. After a sentencing hearing on May 28, 2002, the trial court sentenced appellant to eight years of incarceration and a $10,000 fine.
 {¶ 3} Appellant now appeals the trial court's sentencing determination and, in a single assignment of error, contends that the trial court erred in imposing the maximum sentence.
 {¶ 4} An appellate court may not disturb a sentence imposed by a trial court unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law or statute. R.C. 2953.08(G)(2). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. The sentence imposed upon the offender should be consistent with the overriding purposes of sentencing: "to protect the public from future crime by the offender" and "to punish the offender." R.C. 2929.11(A).
 {¶ 5} A trial court may impose the maximum term upon an offender only if the trial court finds on the record that the offender "committed the worst forms of the offense," or that the offender "pose[s] the greatest likelihood of committing future crimes." R.C. 2929.14(C). The trial court must provide the reasons underlying its decision to impose a maximum sentence. R.C. 2929.19(B)(2)(d) and (e); State v. Beard (Sept. 5, 2000), Clermont App. No. CA2000-02-012. In considering whether an offender committed the worst form of the offense, the trial court is guided by the factors listed in R.C. 2929.12(B). The court may also consider any other relevant factors. Id.
 {¶ 6} The trial court found both that appellant committed one of the worst forms of the offense and that he posed the greatest likelihood of committing future crimes. Appellant contends that the trial court failed to consider the issue of victim provocation. He also argues that the court failed to consider his statement that he was having a nervous breakdown, and was intoxicated and on drugs at the time of the offense.
 {¶ 7} R.C. 2929.12(C) provides several mitigating factors the trial court must consider. This provision states:
 {¶ 8} "The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense: (1) The victim induced or facilitated the offense. (2) In committing the offense, the offender acted under strong provocation. (3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property. (4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."
 {¶ 9} Appellant argues that he was having a nervous breakdown, was intoxicated and on drugs, and had just learned that his wife had been unfaithful to him. He contends that these factors warranted the imposition of a lower sentence.
 {¶ 10} At the sentencing hearing, appellant told the trial court that he was sorry for his crime, but that he was provoked. When questioned by the trial court regarding what would provoke appellant to "do that kind of damage to a lady," appellant responded that his wife was having an affair and he had a nervous breakdown. The trial court responded, "But you told the probation department that you just got hooked on drugs real bad. Your wife kicked you out of the house instead of helping you. She just threw you out and you said, `she didn't love me anymore, and so I figured I was losing everything I ever worked out. And I lost my mind.'"
 {¶ 11} The above dialogue reveals that the trial court did consider what appellant claimed were mitigating circumstances. However, the trial court found credibility problems with appellant's story of provocation. Although the trial court must consider all relevant factors, the weight to be given to those factors is within the discretion of the trial court. State v. Parker (Jan. 19, 1999), Warren App. No. CA98-04-025. In this case, the trial court found the seriousness factors outweighed appellant's purported mitigating circumstances.
 {¶ 12} Appellant also contends that the trial court erred in finding that he posed the greatest likelihood of recidivism. He argues that his criminal history was not extensive, he had never been to prison before, and was 26 years old at the time of the offense. R.C. 2929.12(E) provides factors which the trial court must consider in determining whether the offender is less likely to commit future offenses. This provision states:
 {¶ 13} "The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes: (1) Prior to committing the offense, the offender had not been adjudicated a delinquent child. (2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense. (3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years. (4) The offense was committed under circumstances not likely to recur. (5) The offender shows genuine remorse for the offense."
 {¶ 14} However, the record shows that appellant has a considerable juvenile record, and has adult convictions. He has a history of drug abuse, and was on community control when he committed the current offense. Appellant also failed to take responsibility for his actions and instead tried to shift some of the blame for his offense to his victim, arguing that she provoked him. Again, the trial court considered the relevant factors and determined that the factors argued by appellant were outweighed by the factors indicating appellant was likely to commit future crimes. Considering this evidence, the trial court did not err in finding that appellant posed a high likelihood of recidivism.
 {¶ 15} Accordingly, we find that the trial court properly considered the statutory factors in determining that appellant should serve the maximum sentence. Appellant's assignment of error is overruled.
Judgment affirmed.
VALEN, P.J., and WALSH, J., concur.